COURTROOM MINUTES OF CRIMINAL PROCEEDINGS
Norfolk Division

# SENTENCING MINUTES

| | | | |
|---|---|---|---|
| Set: | 10:00 a.m. | Date: | 10/1/2024 |
| Started: | 10:11 a.m. | Judge: | Elizabeth W. Hanes, USDJ |
| Ended: | 12:21 p.m. | Court Reporter: | Jill Trail |
| | | U.S. Attorney: | Elizabeth Yusi |
| | | Defense Counsel: | Rodolfo Cejas |
| | | | Javionte Johnson |
| | | Courtroom Deputy: | D. Brandt |
| | | Probation Officer: | Jeffrey A. Noll |
| | | Interpreter | |
| Case No. | 2:24cr25 | | |
| Defendant: | Michael Macartney | ( ) In Custody | (X) On Bond |

- X Came on for disposition.
- X Deft satisfied with advice, counsel, and effectiveness of counsel.
- X Court adjudged deft. guilty of count __one__ of the __Criminal Information__
- X Deft __X__ motion for downward Variance denied.
- X Govt __X__ motion for acceptance of responsibility granted.
- X Maximum penalties placed on the record.
- X Presentence Report reviewed. __X__ Objections heard and rulings made.
- X Court adopts PSR, with the changes made on the record, for the purpose of establishing the advisory guidelines.
- X Evidence presented. (Witnesses and exhibits listed on last page)
- X Arguments of counsel heard. __X__ Statement of deft. heard.

## SENTENCING GUIDELINES:

Offense Level: __22__
Criminal History: __III__
Imprisonment Range: __51__ to __60__ months
Supervised Release: __1 to 3 years__
Fine Range: $10,000 to $100,000
Restitution $NA
Special Assessment: $100

## IMPRISONMENT:

SENTENCE: Counts _1_ : The deft. shall be committed to the custody of the BOP to be imprisoned for a total term of __FORTY (40) MONTHS__.

___ The deft. is remanded to the custody of the U.S. Marshal.

_X_ The defendant shall surrender for service of the sentence at the institution designated by the BOP/U.S. Marshal or shall report to the United States Marshal at 600 Granby Street, Norfolk, VA, if no institution has been designated, by 12:00 PM on November 5, 2024.

Rev 3/2024

## SUPERVISED RELEASE:

X̲ ̲ ̲ ̲ ̲ ̲  Upon release from imprisonment, the deft. shall be on supervised release for a term of  ̲ ̲THREE (3)̲ ̲  years.

## Standard Conditions of Supervised Release/Probation:

The defendant must report to the probation office in the federal judicial district where he/she is authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs he/she to report to a different probation office within a different time frame.

While on supervised release, the defendant shall not commit another federal, state, or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance.

While on supervised release, the defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

X̲  The deft. shall refrain from any unlawful use of a controlled substance and submit to periodic drug testing upon commencement of supervised release, as directed by the probation officer.

## Special Conditions of Supervised Release/Probation:

1) If the defendant tests positive for a controlled substance or shows signs of alcohol abuse, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, as able, all as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding substance abuse treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.
2) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment. Patrial cost of this program is to be paid by the defendant, if able, as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding mental health treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.
3) The defendant shall not have unsupervised access to animals or pets.
4) The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondences and chat conversations. A Notice will be placed on the computer at the time of the installation to warn others of the existence of the monitoring software, The defendant shall also notify others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. Partial cost of the monitoring shall be paid be the defendant as able.

## FINANCIAL PENALTIES

## SPECIAL ASSESSMENT:

 ̲ ̲X̲ ̲ ̲ ̲  As to count  ̲ ̲1̲ ̲ ̲ ̲ ̲ ̲ ̲ ,the deft shall pay a special assessment in the amount of   ̲ ̲$100.00̲ ̲ ̲ ̲ .

The total special assessment due is $1̲0̲0̲.̲0̲0̲ and shall be due in full immediately.

Rev 3/2024

Any balance remaining unpaid on the fine/special assessment at the inception of supervision, shall be paid by the deft. in installments of not less than $25.00 per month, until paid in full. Said payments shall commence sixty (60) days after defendants. supervision begins.

## FINE:
X   Court finds deft. is unable to pay fine.

\_\_\_\_   The deft. shall pay a fine in the amount of $_____.

## RESTITUTION:
\_\_   The deft. shall make restitution in the amount of $_____.

\_\_   Interest waived.

\_\_   Restitution Judgment Order, entered and filed in open court.

\_\_\_\_   Restitution should be paid joint and severally with _____.

X   The deft. notified of right of appeal within 14 days.

\_\_   On motion of gov't, remaining counts dismissed.

\_\_\_\_   The deft. is continued on present bond and cautioned re bail jumping.

X   Court recommends to the Bureau of Prisons:
- X   The deft. be incarcerated in or near the Tidewater Region of Virginia.
- X   The deft. be enrolled in a mental health program.
- X   The deft. receive methadone medication as currently prescribed.
- \_\_\_\_   The deft be enrolled in a drug education program.
- X   The deft be enrolled in a 500 hour Residential Drug Abuse Program (RDAP) if Defendant volunteers and qualifies.
- X   The deft be enrolled in a substance abuse treatment program.
- X   The deft be enrolled in an educational or vocational skill program.

X   Consent Order of Forfeiture entered and filed in open court.

## Additional Counts/Comments:

Government Witness: Paul Wolpert

Government Exhibit 1 – Screen shots Diesel's Group

Government Exhibit 2 – Screen shot dated 7/29/2022

Government Exhibit 3 – Screen shot of text

Government Exhibit 4 – Screen shot from telegram.org

Defendant's Motion to Seal Position Paper GRANTED IN PART.   Counsel to send Clerk a redacted copy.